TONY WEST
Assistant Attorney General
ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Chief, Civil Division
GARY PLESSMAN
Chief, Civil Fraud Section
SUSAN R. HERSHMAN
Deputy Chief, Civil Fraud Section
DAVID K. BARRETT (Cal. Bar No. 149882)
Assistant United States Attorneys
        Room 7516, Federal Building
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone:  (213) 894-0522
        Facsimile:  (213) 894-5139
        E-mail:     David.Barrett@usdoj.gov
JOYCE R. BRANDA
MICHAL TINGLE
ALAN S. GALE
KAVITHA J. BABU
Attorneys, Civil Division
United States Department of Justice
        P.O. Box 261
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone:  (202) 307-6296
        Fax:        (202) 616-3085
        E-mail:     Alan.Gale@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE HUMANE SOCIETY OF THE UNITED STATES, <br><br> Plaintiffs, <br><br> v. <br><br> WESTLAND/HALLMARK MEAT COMPANY, et al., <br><br> Defendants. | No. EDCV 08-0221 VAP (OPx) <br><br> STIPULATED PROTECTIVE ORDER GOVERNING NON-WAIVER OF PRIVILEGE |

1

<u>STIPULATED PROTECTIVE ORDER GOVERNING NON-WAIVER OF PRIVILEGE</u>

A.   The parties who have appeared in this action to date -- plaintiff United States of America, relator Humane Society of the United States, and defendants Hallmark Meat Packing Company, Westland Meat Company, Inc., M & M Management, LLC, Cattleman's Choice, Inc., Donald W. Hallmark, Donald R. Hallmark, Steve Mendell, Anthony Magidow as administrator of the Estate of Aaron Magidow a/k/a Arnie Magidow, and JoAnn Magidow -- are referred to collectively herein as the "Parties" and individually as a "Party".

B.   The terms "Document" and "Documents" as used herein shall have the broadest possible meaning pursuant to Federal Rule of Civil Procedure ("FRCP") 34(a), including electronically stored information ("ESI").  The term "Document" shall include, without limitation, written or printed matter of any kind, including originals, conforming copies, and non-conforming copies (*e.g.*, a copy of the original with an added notation). The terms "Document" and "Documents" shall also include, without limitation, correspondence, letters, reports, summaries, spreadsheets, invoices, memoranda, notes, messages, communications, facsimiles, cables, telecopies, telegrams, telexes, compact disks (CDs), digital versatile disks (DVDs), USB drives, photographs, charts, graphs, maps, drawing, prints,

and films and all manner of electronic data processing storage.

C.   The Parties recognize that the prosecution and defense of this action will require each party to review and to disclose very large quantities of information and Documents through the discovery process. As a result, Documents and images of Documents produced for inspection by, copied by, or delivered to another Party, inadvertently could include materials subject to privilege or other legally recognized protection (hereinafter privileged information) and therefore not subject to disclosure in discovery. Such inadvertent disclosure of privileged information or Documents is possible despite due diligence and reasonable care taken to protect privileged information.

D.   Absent this Protective Order, the effect of inadvertent disclosure of privileged information is not certain, given some legal precedents and guidance dealing with this issue, namely, whether privileges will be deemed to have been waived by the inadvertent disclosure of privileged information.

E.   Except as provided in Paragraph F below, before producing Documents in response to a discovery request, counsel for the producing Party, or persons acting under his or her direct supervision, shall examine the files containing Documents to be produced and shall screen all Documents for privilege (or other legal protection), as allowed by law, and such examination shall be performed with diligence, and with due regard for the

likelihood that the files contain privileged documents. Except as provided in Paragraph F below, at the time of production, a producing Party shall accompany its response with a log or logs of Documents withheld, based on a claim of privilege or other reason for non-disclosure.  Such log or logs shall be sufficient to meet the requirements of FRCP 26(b)(5).  Provided that a Party has performed a privilege review and has produced a privilege log for any documents withheld under a claim of privilege, the producing Party may request the other Parties to return any inadvertently produced privileged Documents, regardless of whether such Documents are included in a privilege log. Such request must be made in writing within five (5) business days after the producing Party discovers that it has inadvertently produced a Document that is privileged or otherwise protected from disclosure.

F.   The Parties recognize that the production and review of large collections of ESI may impose substantial burdens and delays.  Accordingly, notwithstanding the requirements of Paragraph E above, the Parties agree that before production of ESI as an initial disclosure or in response to a discovery request, counsel for the producing Party may identify collections of ESI that are being produced without being reviewed for privilege because such privilege review is unduly burdensome or would unduly delay the initial disclosure or

response to the discovery request.  For any privileged

information contained in a collection so identified, the

producing Party may assert a claim of privilege as soon as

practicable and no more than 30 days after receiving notice that

the receiving Party intends to refer to, quote, cite, rely upon

or otherwise use the privileged information.   In asserting such

a claim of privilege, the producing Party shall provide

information sufficient to meet the requirements of FRCP 26(b)(5)

and shall at a minimum identify for each claim of privilege: the

information subject to the claim, the author, date, and

addressees or recipients of the Document (where applicable), the

privilege or protection being asserted, and the basis for the

claim of privilege.

     G.   If the assertion of privilege pursuant to Paragraph E

or F, above, is not made within the time provided, that claim

shall be presumed waived. Pursuant to FRCP 26(b)(5)(B), if

information produced in discovery is subject to a claim of

privilege or of protection as trial-preparation material, the

Party making the claim may notify any Party that received the

information of the claim and the basis for it. After being

notified, a Party must promptly return, sequester, or destroy

the specified information and any copies it has; must not use or

disclose the information until the claim is resolved; must take

reasonable steps to retrieve the information if the Party

disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing Party must preserve the information until the claim is resolved.

H.   Once a Document or information has been identified as privileged in accordance with Paragraphs E or F, no Party shall in any way copy, reproduce, refer to, quote, cite, rely upon or otherwise use in any manner, any such Document or its contents in any proceeding unless and until the Court determines that the Document is not protected from discovery or the producing Party withdraws the claim of privilege, except that in support of any motion to compel release of information identified as privileged, a Party may file, under seal, the information at issue.

I.   If the claim of privilege is upheld by the Court or if the receiving Party agrees that the Document(s) is(are) privileged, all copies of the privileged Documents identified in accordance with Paragraphs E or F shall be returned to the producing Party. To the extent that notes or records in any form concerning such Documents (other than as pertains to the existence of the privilege Document) exist, the portions of any such note or record shall be permanently destroyed, deleted or redacted. The destroying Party shall then certify in writing to counsel for the producing Party that such Documents have been

returned and that such notes either do not exist or have been destroyed.  If ESI, including images of Documents, are produced on electronic media (*e.g.*, CD, DVD, USB Drive, etc.), the producing Party may demand the immediate return from all Parties of that electronic media containing the inadvertently disclosed ESI.  If the producing Party demands the return of such electronic media, the producing Party shall provide a replacement electronic media to all receiving Parties at the producing Party's expense, which shall be identical to the original electronic media in all respects except for the deletion of the privileged information and that the image of a blank Document or notice of deletion may be substituted for the image of the privileged information so that Document reference numbers and data concerning the images of other Documents on the electronic media need not be changed and upon receiving replacement electronic media, the receiving Party shall permanently delete or destroy any copies of the privileged ESI.

J.    Inadvertent disclosure of any information or Document which the producing Party later claims should not have been disclosed because of any privilege will not be deemed to constitute the waiver of the privilege. The Parties agree that none shall claim or otherwise urge the Court to deem a privilege to have been waived solely on the basis of the inadvertent disclosure of the information or Document to which the privilege

applies.

K.   If a Party receives information that appears on its face to be privileged information inadvertently produced by another Party, the receiving Party shall notify the producing Party and shall not refer to, quote, cite, rely upon or otherwise use the information until the producing Party has had an opportunity to object to the use of such information.

L.   Recognizing that some Documents in the Parties' files may be privileged, the other Parties shall recognize that no waiver of any applicable privilege relating to the subject

//

//

//

//

//

//

//

matter or nature of the communication or relating to that particular Document is either intended or implied by an agreement to allow limited inspection of its files.


       **IT IS SO ORDERED.**


Dated: September 8, 2010   

```
 1                                    VIRGINIA A. PHILLIPS
                                      United States District Judge
 2

 3   APPROVED AS TO FORM AND CONTENT:

 4
     DATED: July 30, 2010           Respectfully submitted,
 5                                  TONY WEST
                                    Assistant Attorney General
 6                                  ANDRÉ BIROTTE JR.
                                    United States Attorney
 7

 8
                                    /S/ – David K. Barrett
 9                                  _____

10                                  DAVID K. BARRETT
                                    Assistant United States Attorney
11                                  Attorneys for Plaintiff
                                    United States of America
12

13
     DATED: _____, 2010        MILBANK, TWEED, HADLEY & McCLOY
14                                       LLP

15

16
                                    _____
17                                  DAVID S. COHEN
                                    Attorneys for Relator Plaintiff
18                                  The Humane Society of the United
                                    States
19

20

21
     DATED: _____, 2010        CROWELL & MORING LLP
22

23
                                    _____
24                                  MARK R. TROY
                                    Attorneys for Defendants
25                                  Westland Meat Company, Inc. and
                                    M & M Management, LLC
26

27

28
     DATED: _____, 2010        BINGHAM McCUTCHEN LLP
```

1

2

3          _____
           NATHAN J. HOCHMAN
4          Attorneys for Defendant
           Anthony Magidow as administrator
5          with will annexed of the Estate of
           Aaron Magidow a/k/a Arnie Magidow
6

7  DATED: _____, 2010        BROWNE WOODS GEORGE LLP

8

9

10         _____
           EDWARD A. WOODS
11         Attorneys for Defendant
           JoAnn Magidow
12

13 DATED: _____, 2010        LAW OFFICES OF DONALD W. SIEVEKE

14

15

16         _____
           DONALD W. SIEVEKE
17         Attorneys for Defendants
           Hallmark Meat Packing Company,
18         Donald W. Hallmark, and Donald R.
           Hallmark
19

20

21 DATED: _____, 2010        SHULMAN HODGES & BASTIAN LLP

22

23

24         _____
           J. RONALD IGNATUK
25         Attorneys for Defendant
           Steve Mendell
26

27 DATED: _____, 2010        LAW OFFICES OF JAMES W. SPERTUS

28

1

_____

2          JAMES W. SPERTUS
           Attorneys for Defendant
3          Cattleman's Choice, Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28