UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE HUMANE SOCIETY OF THE UNITED STATES,<br><br>Plaintiffs,<br><br>v.<br><br>WESTLAND/HALLMARK MEAT COMPANY, HALLMARK MEAT PACKING COMPANY, WESTLAND MEAT COMPANY, INC., M & M MANAGEMENT, LLC, CATTLEMAN'S CHOICE, INC., DONALD W. HALLMARK, DONALD R. HALLMARK, STEVE MENDELL, ANTHONY MAGIDOW as administrator with will annexed of the ESTATE OF AARON MAGIDOW a/k/a ARNIE MAGIDOW, and JOANN MAGIDOW,<br><br>Defendants. | No. EDCV 08-0221 VAP (OPx)<br><br>Hon. Oswald Parada<br><br>**ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL INFORMATION**<br><br>Date:   December [ ], 2010<br>Crtrm:  3 |

1.	This protective order (the "Protective Order") shall govern the disclosure and use of all documents (including all "documents" as defined in Fed. R. Civ. P. 34(a)), deposition testimony, discovery responses and other materials, oral or written, including all copies and excerpts thereof (collectively "Material") produced, exchanged or provided by (i) Plaintiff United States of America, (ii) Relator The Humane Society of the United States (the "Humane Society"), (iii) Defendant Hallmark Meat Packing Company, (iv) Defendant Westland Meat Company, Inc., (v) Defendant M & M Management, LLC, (vi) Defendant Cattleman's Choice, Inc., (vii) Defendant Donald W. Hallmark, (viii) Defendant Donald R. Hallmark, (ix) Defendant Steve Mendell, (x) Defendant Anthony Magidow as Administrator of the Estate of Aaron Magidow a/k/a Arnie Magidow, and (xi) Defendant JoAnn Magidow (collectively, the "Parties," and individually, each a "Party") during the course of this Action or by nonparties, either voluntarily or as required by discovery demands made pursuant to the Federal Rules of Civil Procedure.

2.	As used in this Protective Order, "person" includes any individual, entity, natural person, or any business, legal or governmental entity or association. "Producing Person" refers to any person that produces discovery material. "Receiving Person" refers to any person that receives discovery material subject to this Protective Order.

3.	Nothing in this Protective Order shall apply to any Material that (i) is already in a non-Producing Person's possession at the time it is produced and is not subject to or governed by any other confidentiality agreement or restrictions, (ii) becomes generally available to the public other than as a result of disclosure in violation of this Protective Order or in breach of other legal obligations, or (iii) becomes available to a non-Producing Person through voluntary or required production from a person or Party who obtained the Material without

confidentiality restriction.  This Protective Order does not alter, modify or expand any obligation or duty of any Party to produce any Confidential Material or Highly Confidential Material.

4. Any Party may designate material it produces during discovery as Confidential Material if such Party in good faith considers the material to meet the standards set forth in Rule 26(c) of the Federal Rules of Civil Procedure:  (i) material that is, reflects, or reveals commercial, financial, business, or personal information the public disclosure of which may adversely affect the Party, its employees (or a third party that supplied the Material), or other confidential information entitled to protection under the Federal Rules of Civil Procedure, or any other applicable law, rule or regulation, or (ii) material that is the subject of another confidentiality agreement.  It is the intent of the Parties that materials will not be designated as Confidential Material for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.

5. Confidential Material shall be subject to the following restrictions:

   a. Confidential Material shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive or other purpose.

   b. Confidential Material shall not be given, shown, made available or communicated in any way to anyone except those persons specified in subparagraph (c) below to whom it is necessary that such Confidential Material be given or shown for the purposes permitted under subparagraph (a) above.

   c. Confidential Material may be disclosed, for the purposes

set forth in subparagraph (a) above, only to a "<u>Qualified Person</u>," defined as follows:

    i.    counsel of record for the Parties, and attorneys, paralegal, clerical and other staff employed or retained by such counsel who are assisting in the conduct of the Action;

    ii.    in-house counsel of the Parties;

    iii.    those officers, directors, trustees, executors, and representatives of the Parties deemed necessary to aid counsel in the conduct of the Action;

    iv.    any and all individual Defendants in this Action;

    v.    witnesses (other than Parties) at any deposition or hearing in the Action and counsel for such witness;

    vi.    such consultants, experts, and investigators (including their professional staffs) retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action;

    vii.    the United States District Court for the Central District of California (the "<u>Court</u>") or any court to which is matter is appealed (collectively, the "<u>Courts</u>"), court personnel, and jurors, potential jurors or alternate jurors;

    viii.    court reporters, videographers and their employees used in connection with the conduct of this Action;

          ix.      outside photocopying, graphic production services, litigation support services, and document hosting vendors retained by the Parties, or their respective counsel, as they in good faith deem necessary to provide assistance in connection with the conduct of the Action; and

          x.      persons who are or were authors or recipients of the Confidential Material.

6.    Except for Qualified Persons defined in subsections 5(c)(vi), (vii), and (viii), each person described in subparagraph 5(c) to whom Confidential Material is disclosed shall first be advised that such Confidential Material is being disclosed pursuant and subject to the terms of this Protective Order and that Confidential Material may not be disclosed other than pursuant to the terms hereof. Prior to disclosing Confidential Material to any person described in subparagraph 5(c)(ii), (iii), (iv), (v) and (vi) above, counsel shall cause each such person to execute a Certificate in the form annexed hereto as Exhibit A. Counsel shall be responsible for retaining executed certificates.

7.    Certain Confidential Material ("<u>Highly Confidential Material</u>") may be designed "Highly Confidential-Attorneys' Eyes Only" if a Party in good faith believes that the material discloses (i) personal information regarding the identity of The Humane Society's investigator, the disclosure of which could endanger the investigator or impair his ability to engage in future undercover investigations in the meat processing industry or (ii) The Humane Society's investigative procedures and techniques, the disclosure of which could imperil ongoing investigations and undermine The Humane Society's ability to conduct future investigations. The persons listed in Paragraph 5(c)(ii), (v) and (vi) shall be allowed access to Highly Confidential Material only after counsel has provided a copy of this Protective Order and causes each such person to execute a Certificate

in the form attached as Exhibit A thereto.  No persons listed in Paragraph 5(c)(iii) or (iv) shall be given access to Highly Confidential Material unless (i) the Material was produced by the person or the current employer of the person; (ii) the person initially created, sent or received such Material; (iii) each person or party that designated the documents or materials as Highly Confidential Material consents to such access; or (iv) the Court orders such access.  It is the intent of the Parties that materials will not be designated as Highly Confidential Material for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.

8.  All documents designated as Confidential Material or Highly Confidential Material shall be so designated by stamping the media in which the documents are transmitted, or by stamping each page of the document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Documents may be designated as Confidential Material or Highly Confidential Material at any time. Without limiting the foregoing sentence in any way, a Party may designate a document as CONFIDENTIAL or HIGHLY CONFIDENTIAL after it was earlier produced without such a designation, and such production, in and of itself, shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Person would otherwise be entitled.  Any documents designated as Confidential Material or Highly Confidential Material prior to the Court's issuance of an order on this Protective Order shall be treated the same in all respects as documents designated as Confidential Material or Highly Confidential material after the entry of the Protective Order, provided that the Court enters this or a similar order. This Protective Order also treats as Confidential Material and Highly Confidential Material oral communications designated as such either orally (provided that such designation was recorded by a court reporter) or in writing.

9.  Information or testimony disclosed at a deposition may be

1  designated as Confidential Material or Highly Confidential Material by the person
2  providing such testimony, or his or her counsel, or by any Party, or by a Producing
3  Person if such person has a good faith belief that the information or testimony
4  meets the standards set forth in Paragraphs 4 and/or 7 of this Protective Order, and
5  either:

6        a.    identifies on the record at the deposition those portions of
7        the testimony that are designated as Confidential Material or Highly
8        Confidential Material; or
9        b.    provides written notification to all Parties within twenty
10       (20) days of the court reporter's release of the final transcript of the
11       deposition as to those pages and lines of the transcript that are
12       designated as Confidential Material or Highly Confidential Material.
13 Except to the extent the Parties otherwise agree, the entire transcript of any
14 deposition shall be treated as Highly Confidential Material until ten (10) days after
15 the court reporter's release of the deposition transcript.  Each page of a deposition
16 transcript designated in whole or in part as Confidential Material or Highly
17 Confidential Material shall be stamped, as set forth in paragraph 8 above, by the
18 court reporter or by counsel.  If counsel for any Party believes that a question put
19 to a witness being examined in pretrial deposition will disclose Confidential
20 Material or Highly Confidential Material, or that the answer to any question or
21 questions requires such disclosure, or if documents to be used as exhibits during
22 the examination contain such Confidential Material or Highly Confidential
23 Material, such counsel may so notify requesting counsel, and, in that event, that
24 portion of the deposition shall be taken in the presence only of counsel, parties to
25 this Action, the court reporter, video operator and their assistants, and persons who
26 have signed a receipt acknowledging the receipt of this Protective Order.  The
27 court reporter shall indicate in the transcript the portion of the transcript that is to
28 be kept confidential or highly confidential, and shall mark the cover page of the

transcript accordingly.

10. This Protective Order does not address the use of Confidential Material or Highly Confidential Material for use at trial. The Parties agree to meet and confer regarding use of Confidential Material or Highly Confidential Material in connection with trial and to raise the issue with the Court at an appropriate time.

11. No Party concedes that any discovery material designated by any other person as Confidential Material or Highly Confidential Material under any provision of this Protective Order in fact contains or reflects trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material or Highly Confidential Material, and entering into this Protective Order shall not prejudice the right of a Party to seek, at any time, a determination by the Court of whether any particular document or information should be subject to the terms of this Protective Order.

12. A Receiving Person shall not be obliged to challenge the propriety of a designation of documents or other material as Confidential Material or Highly Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If at any time a Receiving Person objects in good faith to a Confidential Material or Highly Confidential Material designation under this Protective Order, the Receiving Person shall notify the Producing Person in writing. The Receiving Person shall identify the information in question and shall specify in reasonable detail the reason or reasons for the objection, and shall otherwise comply with Local Civil Rule 37-1. Within ten (10) calendar days of the receipt of such written notice, the Producing Person and the Receiving Person shall meet and confer in a good faith effort to resolve their differences. If the disagreement cannot be resolved, the Producing Person may apply to the Court within ten (10) calendar days for a protective order affirming the Producing Person's Confidential Material or Highly Confidential Material designation. The application of the Producing Person shall comply with Local

Civil Rules 37-2 and 37-3. This Protective Order shall not affect the burden of proof with respect to the propriety of the designation. While any such application is pending, the Confidential Material or Highly Confidential Material subject to that application will be treated in accordance with its original designation until the Court rules.

13.  If any Receiving Person (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he, she, or it is a party, seeking Confidential Material or Highly Confidential Material under this Protective Order, the Receiving Person shall give written notice, by e-mail, within three (3) business days of receipt of such subpoena or demand to those who produced or designated the discovery material as Confidential Material or Highly Confidential Material. The Producing Person shall be responsible for seeking a protective order or similar court-ordered relief to prevent the requested production. Should the Producing Person seek a protective order or similar court-ordered relief, then the Receiving Person shall not produce any of the Producing Person's Confidential Material or Highly Confidential Material until a final decision that is no longer subject to appellate review orders such production, provided that the Producing Party has filed a Notice of Appeal or Motion for Permission to Appeal from a lower court order not later than thirty (30) days after Notice of Entry of that order is served.

14.  Within thirty (30) days after the final termination of this Action, including any appeals, each counsel shall use all commercially reasonable efforts to return all Confidential Material or Highly Confidential Material in his or her possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the Producing Person or shall certify destruction thereof, at the discretion of and in accordance with the direction of the Producing Person. If the Confidential Material or Highly Confidential Material is destroyed, counsel shall, within seven (7) days following such destruction, certify in writing to the

Producing Person that all such material within its possession or control has been destroyed. Notwithstanding the foregoing, counsel for the Parties may retain a file copy of court papers, deposition and trial transcripts, and attorney work product created in connection with this Action that include Confidential Material or Highly Confidential Material, provided that such material shall continue to be kept confidential or highly confidential pursuant to this Protective Order, court order or agreement with the Producing Person.

15. Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Action of any matter discovered.

16. Notwithstanding any provision contained herein, nothing in this Protective Order shall restrict in any way the right of any Party to make use of its own Confidential Material or Highly Confidential Material in any way it deems fit, or modify the terms of any other agreements, stipulations, laws or orders governing the treatment of confidential documents by any Party.

17. This Protective Order shall be deemed effective as to any Party, its attorneys, agents and representatives, upon execution by such Parties. When effective, this Protective Order applies to any Confidential Material or Highly Confidential Material provided prior to its execution. Each Party acknowledges that it is aware that the use of Confidential Material or Highly Confidential Material produced in connection with the above-referenced case for any purpose inconsistent with the terms of this Protective Order will violate this Stipulation.

18. This Protective Order shall be without prejudice to and does not impair the ability or rights of any Party to seek further limits on disclosure or protections for the confidentiality of any Confidential Material and/or Highly Confidential Material in addition to the limits and protections provided herein. Accordingly, the Parties reserve the right to seek further modification of this

1    Protective Order from the Court.

2          19.   The terms and limitations of this Protective Order shall not be
3    modified or deviated from except upon written stipulation by counsel for the
4    Parties or by Order of this Court.

5    

6    IT IS SO ORDERED.

7    

8    Dated: 1/7/11                              _____
                                            OSWALD PARADA
9                                              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, in the action entitled *United States of America ex rel. The Humane Society of the United States v. Westland/Hallmark Meat Company, et al.*, Case No. EDCV 08-0221 VAP (Opx), and understands and agrees to be bound by the terms thereof.

DATED: _____     By:_____